**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**   April 16, 2019

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51735-3-II |
| Respondent, | |
| v. | |
| CORY ALLEN SCHMIDT, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Cory Allen Schmidt appeals the trial court's imposition of a deoxyribonucleic acid (DNA) collection fee. The State concedes that the DNA collection fee should be waived. We accept the State's concession, and remand to the trial court to strike the DNA collection fee.

## FACTS

Schmidt was convicted of failure to register as a sex offender. The trial court entered an order of indigency for Schmidt. Schmidt's criminal history includes prior felony convictions. During sentencing, the court imposed a $100 DNA collection fee. Schmidt appeals the imposition of the DNA collection fee.

## ANALYSIS

Relying on *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018), Schmidt argues that the DNA collection fee that the trial court imposed on Schmidt is no longer authorized after the enactment of Engrossed Second Substitute House Bill (ESHB) 1783. The State concedes that the discretionary DNA collection fee should be waived. We accept the State's concession, and remand to the trial court to strike the DNA collection fee.

ESHB 1783 modified Washington's system of LFOs and amended RCW 10.01.160(3) to prohibit trial courts from imposing discretionary LFOs on indigent defendants. LAWS OF 2018, ch. 269, § 6. RCW 43.43.7541 makes a DNA collection fee nonmandatory if "the state has previously collected the offender's DNA as a result of a prior conviction." The new statute applies prospectively to cases that are on direct appeal. *Ramirez*, 191 Wn.2d at 747.

Here, it is uncontested that Schmidt is indigent and that he has prior felony convictions. Based on the State's concession that the DNA collection fee should be waived, we assume that Schmidt's DNA has been previously collected. Thus, we remand to the trial court to strike the DNA collection fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J

We concur:

Maxa, C.J.

Sutton, J.